

**ORDERED in the Southern District of Florida on October 6, 2017.**

*Laurel M. Isicoff*
**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

| | |
|---|---|
| In re:  MARISA SILVEIRA | Case No.: 17-13267-LMI |
| | Chapter:   13 |
| _____Debtor._____/ | |

ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY THE DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE [ECF NO. 48]

THIS CASE came to be heard on October 3, 2017 on the *Debtor's Motion to Value and Determine Secured Status of Lien on Real Property held by the Department of the Treasury Internal Revenue Service* (DE 48; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

710 S.W. 92nd Passage, Miami, Florida 33174 with legal description:

Lot 14, Block 1, of Big Five Homes, according to the Plat thereof, as recorded in Plat Book 150, at Page 80, of the Public Records of Miami-Dade County, Florida

The Miami-Dade County Property Tax Assessor's Identification Number for the property is Folio #: 30-4004-070-0140

is **$339,718.00** at the time of the filing of this case.

B.  The total of all claims secured by liens on the Real Property senior to the lien of the *Department of the Treasury Internal Revenue Service* (the "Lender") is **$340,000.00**.

C.  The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is **$0.00** and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.  The Motion is **GRANTED**.

2.  Lender has an allowed secured claim in the amount of **$0.00.**

3.  Because Lender's secured interest in the Real Property is $0.00, Lender's claims, if any, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's claim of lien will no longer be considered void and shall be restored as a lien on the Real Property.

4.X  Lender has filed a proof of claim. If a proof of claim is timely filed, then same shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted by:

Ariel Sagre, Esq.
Sagre Law Firm, P.A.
5201 Blue Lagoon Drive, Suite 892
Miami, FL 33126
305-266-5999
law@sagrelawfirm.com

(Movant shall serve a copy of this order on all interested parties and file a certificate of service with the Clerk of the Court.)